**Signed: February 20, 2008**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALLY TOTAL FITNESS CORPORATION,<br><br>        Plaintiff,<br><br>  vs.<br><br>CONTRA COSTA RETAIL CENTER, et al.,<br><br>        Defendants.<br>_____/ | A.P. No. 07-4190 AT |
| CONTRA COSTA RETAIL CENTER, LLC, et al.,<br><br>        Plaintiffs,<br><br>  vs.<br><br>BALLY TOTAL FITNESS CORPORATION,<br><br>        Defendant.<br>_____/ | A.P. No. 07-4191 AT |

**MEMORANDUM OF DECISION**

Plaintiff Contra Costa Retail Center, LLC ("Landlord") moves to remand the above-captioned adversary proceeding against Bally Total Fitness Corporation ("Bally") to the Superior Court of Contra Costa

County, State of California (the "State Court"). For the reasons stated below, the motion will be granted.

## BACKGROUND

Bally filed a chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York on July 31, 2007 (the "Bankruptcy Case"). An order confirming Bally's reorganization plan (the "Plan") was entered on September 17, 2007 (the "Confirmation Order").

Prior to the bankruptcy filing, Bally operated a fitness facility located on real property in Contra Costa County (the "Real Property") pursuant to a written lease (the "Lease") with Landlord, the owner of the Real Property. In or about May 2007, Landlord asserted that Bally was in default of the Lease and gave Bally a twenty day notice to quit the Real Property. In June 2007, Landlord gave Bally a three day notice to quit.

Bally contended that it was not in default of the Lease and refused to vacate the Real Property. Instead, it filed a complaint in State Court against Landlord, seeking a temporary restraining order and preliminary and permanent injunctions as well as damages for breach of contract (the "Injunction Action"). The applications for a temporary restraining order and a preliminary injunction were both denied.

In the meantime, Landlord had filed an unlawful detainer action in State Court (the "Unlawful Detainer Action"). The State Court ordered the Injunction Action and the Unlawful Detainer Action to be coordinated through a single department of the Superior Court. Bally

filed a demurrer to the complaint in the Unlawful Detainer Action (the "UD Complaint"). After Landlord had filed an opposition to the demurrer and before the demurrer could be heard, Bally filed for chapter 11, thereby staying prosecution of the Unlawful Detainer Action.

Bally filed a pre-packaged chapter 11 plan (the "Plan") with the bankruptcy petition or shortly thereafter. The Plan provided that the Lease would be assumed pursuant to 11 U.S.C. § 365. Landlord objected to the Plan and accompanying disclosure statement, contending that the Lease could not be assumed because it had been terminated before the bankruptcy petition was filed. Bally disputed this contention. To permit a prompt confirmation of the Plan without waiting for this dispute to be resolved, the parties agreed that confirmation of the Plan would have no effect on the issues being litigated in State Court.

The effective date of the Plan was October 2, 2007, at which time the automatic stay expired. Thus, at this point, further prosecution of the Unlawful Detainer Action was no longer barred. On November 26, 2007, the State Court issued an order denying Bally's demurrer to the UD Complaint. Shortly thereafter, Landlord scheduled a deposition of Bally's most knowledgeable person with respect to the Lease and related issues. In response, on or about November 26, 2007, Bally filed and served a notice of removal of the Injunction and Unlawful Detainer Actions (the "State Court Actions") to the United States Bankruptcy Court for the Northern District of California.

3

On or about December 20, 2007, Landlord filed a motion to remand the State Court Actions to the State Court and/or to abstain. Bally opposed the motion. A hearing on the motion was conducted on January 17, 2008 at which time the motion was taken under submission.

**DISCUSSION**

**A. APPLICABLE LAW**

   **1. Removal and Remand**

Section 1452(a) of Title 28 of the United States Code provides as follows:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Section 1334(b) provides, in pertinent part, the district court "shall have original but not exclusive jurisdiction of all civil proceedings...related to cases under title 11." 28 U.S.C. § 1334(b).[1] Section 1452(b) provides in pertinent part that "[t]he court to which such claim or cause of action is

---

[1] Section 157(a) provides that a district court may provide that this jurisdiction is referred to the bankruptcy court. 28 U.S.C. § 157(a). The United States District Court for the Northern District of California has provided that its bankruptcy jurisdiction is referred to the United States Bankruptcy Court for the Northern District of California. See Local Rules for the United States Bankruptcy Court for the Northern District of California, B.L.R. 5011-1(a).

4

removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure provides that, if a claim or cause of action is pending when a bankruptcy petition is filed, the deadline for filing a notice of removal is the later of: (1) 90 days after the order for relief, (2) 30 days after the entry of an order terminating the automatic stay if prosecution of the proceeding was stayed pursuant to 11 U.S.C. § 362, or (3) 30 days after a trustee qualifies in a chapter 11 case but not later than 180 days after the order for relief. Fed.R.Bankr.Proc. 9027(a)(2).

**2. Abstention**

Section 1334(c)(2) provides that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). This is sometimes referred to as mandatory abstention. Section 1334(c)(1) provides that:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with the State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

5

28 U.S.C. § 1334(c)(1). This is sometimes referred to as discretionary abstention.

**B. DECISION**

Landlord contends that the State Court Actions should be remanded based on principles of mandatory and discretionary abstention. See 28 U.S.C. § 1334(c)(1)&(2). Strictly speaking, these statutes do not apply to remand of a removed proceeding. Remand is based on general equitable principles. See 28 U.S.C. § 1452. However, arguably, failure to remand where all of the elements of mandatory abstention are present would be an abuse of the Court's discretion. As a result, the Court will address each of these two grounds.

**1. Mandatory Abstention as Ground for Remand**

There are five elements required for mandatory abstention to apply. They are that: (a) the motion must be made on a timely basis, (b) the claim must be based on state law, (c) the claim cannot be either based on bankruptcy law or have arisen in a bankruptcy case, (d) the claim must not have been capable of being filed in a federal court absent bankruptcy jurisdiction, and (e) the claim must be capable of being timely adjudicated in state court. See 28 U.S.C. § 1334(c)(2). Landlord contends that each of these elements is present here. Bally disagrees.

**a. Timeliness of Motion**

As recited above, Bally removed the State Court Actions to the bankruptcy court on or about November 26, 2007. The motion to remand or abstain was filed on December 20, 2007, less than a month later.

6

Bally does not appear to contend that the motion was untimely. The Court concludes that it was timely.

   **b.   Claim or Cause of Action Based on State Law**

Clearly, the claims asserted in the State Court Actions are all based on state law. Bally does not appear to contend otherwise.

   **c.   Claim or Cause of Action Does Not Arise Under Title 11 and Did Not Arise in a Case Under Title 11**

The State Court Actions do not assert any claim or cause of action under Title 11: i.e., the Bankruptcy Code. Since the State Court Actions were filed prior to the commencement of Bally's bankruptcy case, clearly the claims or causes did not arise in a case under Title 11: i.e., Bally's case.

   **d.   No Other Basis for Federal Court Jurisdiction**

In its motion, Landlord notes that the claims asserted in the State Court Actions are based solely on California law. It then contends that there is no independent basis for federal jurisdiction for the State Court Actions. In its opposition, Bally takes issue with the second assertion. It contends that Landlord and "all related parties" are California entities whereas Bally is a Delaware corporation. Therefore, the State Court Actions could have been filed in federal court based on diversity jurisdiction. Bally asserts that the State Court Actions also meet the minimum dollar amount required by diversity jurisdiction based on the value of the Lease. See 28 U.S.C. § 1332(a).

7

In its reply, Landlord does not dispute that citizenship of the parties is diverse. However, it contends that, as the plaintiff, Bally could not have removed the Injunction Action to federal court based on diversity jurisdiction under the general federal removal statute. Under 28 U.S.C. § 1441, the general federal removal statute, the party that filed the action in state court cannot thereafter remove it to federal court. This comment, while true, disregards the precise language of 28 U.S.C. § 1334(c)(2). The necessary element for mandatory abstention is that the action could not have been *commenced* in a court of the United States, not whether it could have been removed there absent jurisdiction under 28 U.S.C. § 1334.

Landlord also disputes Bally's contention that the Unlawful Detainer Action satisfies the minimum dollar amount for diversity jurisdiction. At present, the minimum dollar amount for actions prosecuted in federal court based on diversity jurisdiction is $75,000. 28 U.S.C. § 1332(a). Landlord notes that, under California law, the damages sought in an unlawful detainer action are limited to those directly related to the unlawful detention of the real property in question. See Vasey v. California Dance Co., 70 Cal. App. 3d 742, 748 (1977). Landlord presumably contends that these are minimal.

Landlord's argument reads the minimum dollar amount requirement for jurisdiction too narrowly. For purposes of diversity jurisdiction, the measure of the dollar amount in controversy is not limited to the amount of recoverable damages. When the action seeks recovery of a leasehold, the value of the leasehold must be taken

8

into account. Several courts have found the appropriate dollar amount in such actions to be at least one year's rent. See <u>Mutual First, Inc. v. O'Charleys of Gulfport, Inc.</u>, 721 F. Supp. 281, 283 (S.D. Ala. 1989). See also <u>Swords to Plowshares v. Kemp</u>, 423 F. Supp. 2d 1031, 1037, fn.6 (N.D. Cal. 2005)(denying remand of unlawful detainer action removed based on federal question jurisdiction and citing <u>Mutual First</u> with approval).

The Lease called for payments of $25,687 per month. Thus, one year's rent was well in excess of the minimum dollar amount.

**e. Timely Adjudication**

Landlord contends that the State Court Actions could be timely adjudicated in state court. It argues that the State Court Actions were proceeding quickly until Bally filed for bankruptcy and, after confirmation, removed them to bankruptcy court. Moreover, Landlord notes that, under state law, an unlawful detainer complaint enjoys statutory preference for trial setting purposes. See Cal. Civ. Proc. Code § 1170.5(a). Bally does not address this element and therefore presumably concedes it. In any event, the issue of timely adjudication is less significant when a reorganization plan has already been confirmed.

In sum, although most of the elements for mandatory abstention are present. However, one of those elements is missing--i.e., the absence of an independent basis for federal jurisdiction. Since all elements must be present for mandatory abstention to apply, the Court will not order a remand on this ground.

9

## 2. Discretionary Abstention as Grounds for Remand

As Landlord notes, a seven factor test has been established for determining whether a claim should be remanded to state court as a discretionary matter. See Williams v. Shell Oil, 196 B.R. 684, 690-93 (S.D. Cal. 1994). Those factors are: (a) the effect of the action on the administration of the bankruptcy estate; (b) the extent to which issues of state law predominate; (c) the difficulty of applicable state law; (e) comity; (f) the relatedness or remoteness of the action to the bankruptcy case; (g) the existence of a right to a jury trial; and (h) prejudice to the party involuntarily removed from state court. Id. The Court will discuss each of these factors as they appear in the factual context of this proceeding.

### a. Effect on Administration of Bankruptcy Estate

Bally contends that remand will have a negative effect on the administration of its bankruptcy case. It asserts that the facility operated on the Real Property is one of its most profitable operations and that disruption of its operations at this location would be detrimental to Bally's economic prospects. It argues that an efficient resolution of the Lease dispute is essential to the success of its bankruptcy case.[2]

---

[2] Clearly, the efficiency sought by Bally is not simply a denial of the motion for remand but the granting of a motion (yet to be filed) to transfer the State Court Actions to the bankruptcy court in New York. In this context, Bally refers to the State Court Actions as "core." They are clearly not "core" proceedings because, as discussed above, they are neither based on bankruptcy law nor did they arise in a bankruptcy case. See 28 U.S.C. § 157(b)(2).

10

Since the Plan has already been confirmed, Bally's argument is particularly unpersuasive. While the potential loss of a profitable location may well have a negative economic effect on Bally's business, there is no evidence that it will impact the administration of Bally's bankruptcy estate. To the contrary, after confirmation, strictly speaking, there is no further bankruptcy estate. Moreover, the outcome of the litigation will presumably not be affected by the forum in which the litigation is conducted. Thus, this factor favors remand.

**b. Extent To Which Issues of State Law Predominate**

As discussed in the preceding section and above, the only issues presented in the State Court Actions are issues of state law. Thus, this factor also favors remand.

**c. Difficulty of Applicable State Law**

Bally argues that there are no difficult issues of state law. Landlord does not take issue with this contention. Thus, this factor is neutral. It does not support remand. However, likewise, it does not support retention of the proceeding.

**d. Comity**

General principles of comity support permitting issues of state law to be determined by the state court absent other factors dictating otherwise. Thus, if the other factors discussed in this section created an equal equitable balance between retention and remand, principles of comity dictate remand.

11

### e. Relatedness or Remoteness of Action to Bankruptcy Case

Landlord contends that the issues presented by the State Court Actions are remote to the bankruptcy case. Bally disagrees. It contends that the State Court Actions are directly related to the bankruptcy case. It notes that the Plan provided for assumption of 320 leases by Bally and its affiliates, among which was the Lease. For this reason, Bally contends that the bankruptcy court in New York is the appropriate court to adjudicate this dispute.

The Court agrees with Landlord. The fact that the Plan could be confirmed without resolving the dispute makes it clear that the issue presented by this dispute is not closely related to Bally's bankruptcy case.

### f. Right to a Jury Trial

Landlord notes that the California Constitution gives it a right to a jury trial in the Unlawful Detainer Action. <u>See</u> Cal. Const. Art. I, § 16.[3] In its opposition, Bally does not dispute this assertion. However, Bally cites authority for the proposition that the right to a jury trial does not necessarily require remand, particularly since the proceeding may never go to trial. Nevertheless, the Court views this as a factor in favor of remand. The bankruptcy court could not itself conduct the jury trial unless the parties consented to the proceeding being treated as if it were "core" and to the bankruptcy court conducting the jury trial. <u>See</u> Fed. R. Bankr. Proc. 9015(b). This is unlikely to occur.

---

[3] Landlord does not address its right to a jury trial in the Injunction Action.

12

### g. Prejudice of Retention to Party Seeking Remand

Landlord asserts that it will suffer prejudice if the State Court Actions are not remanded. Bally has admitted that, if Landlord's motion to remand is denied, it will seek to transfer the proceeding to the bankruptcy court for the Southern District of New York. Landlord argues that it would be unfair and prejudicial to force it to litigate the State Court Action in New York. It points out that the issue is one of California law concerning a transaction that took place entirely in California. Moreover, it notes that the Lease expressly provides that any litigation between the parties concerning the Lease must be initiated in Contra Costa County.

In response, Bally contends that the prejudice asserted is not supported by the record. To the contrary, Bally contends, because it has leased facilities all over the United States, it will suffer prejudice if not permitted to consolidate all of its litigation in the bankruptcy court in New York. Landlord responds that Bally did not initially consider the state court forum prejudicial since it filed the Injunction Action there. Landlord asserts that Bally is simply forum shopping, after receiving an unfavorable ruling on its demurrer.

The Court concludes that this factor favors Landlord. The factor in question does not address prejudice to Bally. It asks only about the prejudice caused by the retaining the proceeding to the party seeking remand. Clearly, there would be prejudice to Landlord if Landlord were forced to travel to New York to prosecute this litigation. Given the forum selection clause and the fact that the

13

dispute is governed solely by California law, the prejudice to Landlord would be extremely unfair.

In sum, all of the factors to be considered in the context of discretionary abstention either favor remand or at best are neutral to it. Consequently, the Court concludes that the proceeding should be remanded to State Court on a discretionary basis.

**CONCLUSION**

The factors governing mandatory abstention do not require remand. There is an independent basis for federal jurisdiction other than bankruptcy jurisdiction: i.e., diversity jurisdiction. However, the factors governing discretionary abstention clearly favor remand. Accordingly, Landlord's motion for remand will be granted. Counsel for Landlord is directed to submit a proposed form of order in accordance with this proceeding.

END OF DOCUMENT

COURT SERVICE LIST

Dustin P. Branch
Katten, Muchin, Rosenman LLP
2029 Century Park E #2600
Los Angeles, CA 90067

Adam L. Shiff
Kasowitz, Benson, Torres and Friedman
1633 Broadway
New York, NY 10019